UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.6.3
Eastern Division

Wham−O Holding, Ltd., et al.
                                            Plaintiff,

v.                                                          Case No.: 1:23−cv−00304

                                                                       Honorable Lindsay C. Jenkins

The Partnerships and Unincorporated Associations
Identified on Schedule A, et al.
                                            Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Friday, March 10, 2023:

      MINUTE entry before the Honorable Lindsay C. Jenkins: Before the Court is Plaintiff's motion for entry of default and default judgment against certain Defendants [33]. Except for Defendants Ringshlar; Cathari; NANABAHO Co. ltd; Gangen Co. Ltd; Beauty Girl Selections; and Hengshitong, who have each had counsel file an appearance on the docket, all remaining defendants have failed either to plead or to otherwise appear to defend against this action. Accordingly, default is entered under Rule 55(a) of the Federal Rules of Civil Procedure as to all Defendants except for Ringshlar; Cathari; NANABAHO Co. ltd; Gangen Co. Ltd; Beauty Girl Selections; and Hengshitong and continued as to Rule 55(b) default judgment. Any objections to the motion for entry of default judgment by the remaining defendants must be filed on or before 3/17/2023. If no objections are filed by that date, the court will consider the motion unopposed. That said, the Court will not proceed at this point to resolve the motion for default judgment. Ringshlar; Cathari; NANABAHO Co. ltd; Gangen Co. Ltd; Beauty Girl Selections; and Hengshitong, of course, are not in default, and a court can enter final judgment as to "fewer than all" claims or parties only if there is "no just reason" to delay entry of a partial final judgment. See FRCP 54(b). It does not appear that Plaintiff has addressed these considerations in its motion for default judgment. Accordingly, the Court grants Plaintiff leave to file a statement on or before 3/24/2023 concerning whether, in Plaintiff's view, a partial final judgment in this case is appropriate under Rule 54(b). As the Supreme Court has instructed, the Court, in making a determination under Rule 54(b), must weigh both (1) the interests of sound judicial administration and (2) the "equities involved." Curtiss−Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 8 (1980). See also Gen. Ins. Co. of Am. v. Clark Mall Corp., 644 F.3d 375, 379 (7th Cir. 2011) (discussing Rule 54(b)). In preparing its statement, Plaintiff should bear in mind that "requests under Rule 54(b) are granted neither routinely nor as a matter of course," Architectural Floor Prods. Co. v. Don Brann & Assocs. Co., 551 F. Supp. 802, 807 (N.D. Ill. 1982), and courts in this district have previously denied a similar request for partial final judgment in a so−called "Schedule A" case. See Oakley v. Sch. A, 20−cv−05049, Dkt. 66 (N.D. Ill. July 27, 2021). Plaintiff must serve this minute order upon all remaining Defendants within two business

days of its entry on the docket and must file proof of service within three business of service being effected. Mailed notice.(jlj, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.