IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

WHAM-O HOLDING, LTD. and
INTERSPORT CORP. d/b/a WHAM-O,

        Plaintiffs,

  v.

THE PARTNERSHIPS AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

        Defendants.

Case No.: 1:23-cv-00304

Judge Lindsay C. Jenkins

Magistrate Judge M. David Weisman

## JOINT STATUS REPORT

Plaintiffs and Defendant Ringshlar, Cathari, NANABAHO Co. ltd, Gangen Co. Ltd, Beiwei, Shuntuo., Ltd, YT E-Commerce Co.,Ltd, Zhuoshengben., Ltd, oudi co.,ltd, and Hengshitong hereby file this status report pursuant to minute entry order [32].

**I. Nature of the Case**

**A. Identify the attorneys of record for each party.**

The attorneys of record are as follows:

- FOR THE PLAINTIFF: Keith A. Vogt (Illinois Bar member, Northern District of Illinois Bar member, and Northern District of Illinois Trial Bar member), Keith Vogt, Ltd. as the lead trial attorney; Yanling Jiang (Illinois Bar member and Northern District of Illinois Bar member), Yi Bu (Illinois Bar member and Northern District of Illinois Bar member), Adam Grodman (Illinois Bar member and Northern District of Illinois Bar member), and Cameron McIntyre (Illinois Bar member and Northern District of Illinois Bar member) of JiangIP LLC as attorneys. The Plaintiff has no local counsel.

- FOR DEFENDANT Ringshlar, Cathari, NANABAHO Co. ltd, Gangen Co. Ltd, Beiwei, Shuntuo., Ltd, YT E-Commerce Co.,Ltd, Zhuoshengben., Ltd, and oudi co.,ltd: Adam Urbanczyk (Illinois Bar member and Northern District of Illinois Bar member) of AU LLC.

- FOR DEFENDANT Hengshitong: Yong Chen (Illinois Bar member and Northern District of Illinois Bar member) of Liu, Chen & Hoffman LLP.

- FOR DEFENDANT Beauty Girl Selections: Currently unrepresented. It was represented by Yong Chen (Illinois Bar member and Northern District of Illinois Bar member) of Liu, Chen & Hoffman LLP until counsel withdrew [44]. [45].

- FOR REMAINING DEFENDANTS: None.

**B. State the basis for federal jurisdiction. If based on diversity, state the domicile of all parties. See Heinen v. Northrop Grumman Corp., 671 F.3d 669 (7th Cir. 2012). If any party is a partnership or a limited liability company and the basis of jurisdiction is diversity, counsel must identify the name and domicile(s) of each and every partner/member of each such entity. See Belleville Catering Co. v. Champaign Market Place LLC, 350 F.3d 691 (7th Cir. 2003); Cosgrove v. Bartolotta, 150 F.3d 729 (7th Cir. 1998); Carden v. Arkoma Assoc., 494 U.S. 185 (7th Cir. 1990).**

The basis of federal jurisdiction is Lanham Act, 15 U.S.C. § 1051 et seq., 28 U.S.C. § 1338(a)–(b) and 28 U.S.C. § 1331.

**C. Briefly describe the nature of the claims asserted in the complaint and the counterclaims and/or third-party claims and/or affirmative defenses.**

The Plaintiff brings claims of federal trademark infringement and counterfeiting and false designation of origin. The Defendants have not filed any counterclaims.

**D. Describe the relief sought by the plaintiff(s) and provide an estimate of damages, if any.**

2

The Plaintiffs' relief sought is all profits realized by the Defendants by reason of the Defendants' unlawful acts alleged in Plaintiff's Complaint, and that the amount of damages for infringement of the FRISBEE Trademarks be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C § 1117.

Plaintiffs also claim statutory damages pursuant to 15 U.S.C. § 1117(c)(2) of $2,000,000 for each and every use of the counterfeit FRISBEE Trademarks.

Plaintiffs further claim injunctive relief, attorney's fees, costs, and any other further relief as this Court deems just and proper.

**E. List the names of any parties who have not yet been served.**

None.

**II. Discovery and Pending Motions**

**A. Briefly describe all pending motions, including the date the motion was filed and the briefing schedule, if any.**

None.

**B. What is the current discovery schedule?**

To be determined once the Defendants appear or otherwise plead.

**D. Briefly describe all fact and expert discovery that the parties have conducted, including any electronic discovery. Describe any discovery that the parties still need to complete, and indicate whether the parties anticipate completing discovery by the current deadline.**

To be determined once the Defendants appear or otherwise plead.

**E. Briefly summarize all substantive rulings issued in the case. (For each ruling, include the date and the docket number.)**

Sealed Temporary Restraining Order, January 25, 2023, Dkt No. 16.

Preliminary Injunction Order , February 22, 2023, Dkt. No. 28.

Executive Committee Order, February 27, 2023, Dkt. No. 29.

**F. Briefly describe any anticipated motions, including whether any party intends to move for summary judgment.**

Plaintiff plans to renew its motion for entry of default and default judgment [33] against the remaining Defendants, including Defendant Beauty Girl Selections that currently unrepresented, and Defendant Ringshlar, Cathari, Beiwei, Shuntuo., Ltd, YT E-Commerce Co.,Ltd, Zhuoshengben., Ltd, and oudi co.,ltd. represented by Counsel Adam Urbanczyk. Counsel has indicated Defendants Ringshlar and Cathari do not oppose Plaintiffs' anticipated motion for entry of default and default judgment.

**III. Trial**

**A. Have any of the parties demanded a jury trial?**

No.

**B. What is the trial date (if any)? If there is no trial date, when will the parties be ready for trial?**

To be determined once the Defendants appear or otherwise plead.

**C. Have the parties filed a final pretrial order? If so, when? If not, when is the deadline for the filing?**

No. To be determined once the Defendants appear or otherwise plead.

**D. Estimate the number trials days.**

To be determined once the Defendants appear or otherwise plead.

**IV. Settlement, Referrals, and Consent**

**A. Have any settlement discussions taken place? If so, what is the status?**

Yes.

Defendant NANABAHO Co. ltd, Gangen Co. Ltd have settled and have been dismissed. *See* [48].

Defendant Hengshitong, already settled and has been dismissed. *See* [41].

The remaining appeared Defendants are addressed in Section II. F. of this status report.

**B. Has this case been referred to the Magistrate Judge for discovery supervision and/or a settlement conference?**

Not yet.

**C. Do the parties request a settlement conference at this time before this Court or the Magistrate Judge?**

No.

**D. Have counsel informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment? Do all parties unanimously consent to that procedure?**

Yes.

 **V. Other**

A. Is there anything else that the plaintiff(s) wants the Court to know?

No.

B. Is there anything else that the defendant(s) wants the Court to know?

DATED:  April 17, 2023                           Respectfully submitted,

*/s/ Keith A. Vogt*
Keith A. Vogt, Esq. (Bar No. 6207971)
Keith Vogt, Ltd.
33 West Jackson Boulevard, #2W
Chicago, Illinois 60604
Telephone: 312-971-6752
E-mail:  keith@vogtip.com

***ATTORNEY FOR PLAINTIFFS***

/s/Adam E. Urbanczyk
**Adam E. Urbanczyk**
**AU LLC**
**564 W. Randolph St. 2nd Floor**
**Chicago, IL 60661**
**(312) 715-7312**
**(312) 646-2501 (fax)**
**adamu@au-llc.com**
*Counsel for Defendants Ringshlar, Cathari, NANABAHO Co. ltd, Gangen Co. Ltd, Beiwei, Shuntuo., Ltd, YT E-Commerce Co.,Ltd, Zhuoshengben., Ltd, and oudi co.,ltd*